UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUL 2 2 2009

Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § | Criminal N**H-09- 424** |
| v. | § § § | |
| JOHN NASKY OKONKWO<br>  a/k/a John Nasky,<br>DORIS NGOZI VINITSKI,<br>HOWARD GRANT,<br>JOHN REMI LACHMAN,<br>  a/k/a Adetola Similola Adebayo<br>MICHAEL KALU OBASI,<br>YOLANDA STELLA DELRIO,<br>DARNELL DENESE WILLIS,<br>CLINTON LEE,<br>OBISIKE NWANKWO<br>a/k/a Obi Nwankwo,<br>JU-YING QIAN,<br>VICKI JACKSON PHILLIPS,<br> BASIL OBASI KALU,<br>GEORGE ABAYOMI<br>OGUNNAIKE,<br>and<br>OLIVER NKUKU,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § | UNDER SEAL |

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

UNSEALED
PER ARREST
7-29-09

1

# **INDICTMENT**

The Grand Jury charges:

## **General Allegations**

At all times material to this Indictment:

1. The Medicare Program ("Medicare") was a federal health care program providing benefits to individuals who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

2. Medicare was subdivided into multiple Parts. Medicare Part B covered physician's services and outpatient care, including an individual's access to durable medical equipment ("DME"), such as orthotic devices, and wheelchairs.

3. Orthotic devices were a type of DME that included rigid and semi-rigid devices such as foot braces, ankle-foot braces, knee braces, leg braces, cervical braces, back braces, shoulder braces, elbow braces, hand braces, neck braces, head-neck braces, and quad canes (collectively "orthotics").

4. Individuals who qualified for Medicare benefits were commonly referred to as Medicare "beneficiaries." Each beneficiary was given a Medicare identification number.

5. DME companies, pharmacies, physicians, and other health care providers that provided services to Medicare beneficiaries were referred to as Medicare "providers." In order to participate in Medicare, providers were required to submit an application in which the providers agreed to comply with all Medicare-related laws and regulations. If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number." A health care provider with a Medicare provider number could file claims with Medicare to obtain reimbursement for services rendered to beneficiaries.

6. Medicare reimbursed DME companies and other health care providers for services rendered to beneficiaries. Medicare would generally pay reimbursement for DME and related medications only if they were prescribed by the beneficiary's physician and were medically necessary to the treatment of the beneficiary's illness or injury.

7. To receive reimbursement from Medicare, providers submitted or caused the submission of claims to Medicare for payment of services to beneficiaries, either directly or through a billing company.

8. CMS contracted with Durable Medical Equipment Regional Carriers ("DMERCs") to provide Medicare benefits and process claims for reimbursement. The DMERCs that processed and paid Medicare DME claims in Texas were

Palmetto Government Benefits Administrator ("Palmetto GBA") and Cigna Government Services ("Cigna").

9. In order to bill Medicare for services rendered, a provider submitted a claim form (Form 1500) to Palmetto GBA or Cigna, depending on when the claim was submitted. When a Form 1500 was submitted, usually in electronic form, the provider certified: (1) that the contents of the form were true, correct, and complete; (2) that the form was prepared in compliance with the laws and regulations governing Medicare, and (3) that the contents of the claim were medically necessary.

10. A Medicare claim for DME reimbursement was required to set forth, among other things, the beneficiary's name and unique Medicare identification number, the equipment or medicine provided to the beneficiary, the date that the equipment or medicine was provided, the cost of the equipment or medicine, and the name and unique physician identification number of the physician who prescribed or ordered the equipment or medicine.

11. Onward Group Healthcare, Inc., was a Texas business entity operating under an assumed name, Onward Medical Supplies ("Onward"), and purportedly did business at 106 Bayview Drive, Suite A, Sugar Land, Texas 77478. Among other things, Onward provided power wheelchairs and other DME to Medicare beneficiaries.

12. Defendant **JOHN NASKY OKONKWO a/k/a John Nasky**, a resident of Suffolk County, Massachusetts, referred beneficiaries to Onward so that claims for medically unnecessary DME, including power wheelchairs and Orthotics, could be filed with Medicare and assisted in submitting false claims to Medicare.

13. Defendant **DORIS NGOZI VINITSKI**, a resident of Fort Bend County, Texas, was an owner and operator of Onward.

14. Defendant **HOWARD GRANT**, a resident of Fort Bend County, Texas, was a physician licensed by the State of Texas who signed prescriptions ordering medically unnecessary DME that served as the basis of certain of Onward's claims to Medicare.

15. Defendant **JOHN REMI LACHMAN a/k/a Adetola Similola Adebayo**, a resident of Harris County, Texas, managed the day-to-day operations of Onward.

16. Defendant **MICHAEL KALU OBASI** was a resident of Fort Bend County, Texas, who referred beneficiaries to Onward so that claims for medically unnecessary DME could be filed with Medicare.

17. Defendant **YOLANDA STELLA DELRIO** was a resident of Fort Bend County, Texas, who assisted in the day-to-day operations of Onward, including the submission of claims for medically unnecessary DME to Medicare.

18. Defendant **DARNELL DENESE WILLIS** was a resident of Harris County, Texas, who referred beneficiaries to Onward so that claims for medically unnecessary DME could be filed with Medicare.

19. Defendant **JU-YING QIAN** was a resident of Fort Bend County, Texas, who referred beneficiaries to Onward so that claims for medically unnecessary DME could be filed with Medicare.

20. Defendant **VICKI JACKSON PHILLIPS** was a resident of Harris County, Texas, who referred beneficiaries to Onward so that claims for medically unnecessary DME could be filed with Medicare.

21. Defendant **BASIL OBASI KALU** was a resident of Harris County, Texas, and worked as an employee of Onward.

22. Defendant **GEORGE ABAYOMI OGUNNAIKE** was a resident of Harris County, Texas.

23. Defendant **CLINTON LEE** was a resident of Harris County, Texas.

24. Defendant **OBISIKE NWANKWO a/k/a Obi Nwankwo** was a resident of Harris County, Texas.

25. Defendant **OLIVER NKUKU** was a resident of Fort Bend County, Texas.

26. Defendants **GEORGE ABAYOMI OGUNNAIKE, CLINTON LEE, OBISIKE NWANKWO** and **OLIVER NKUKU** were employees of

Onward who delivered medically unnecessary DME to Medicare beneficiaries, including power wheelchairs.

## COUNT 1

### Conspiracy to Commit Health Care Fraud
### (Violation of 18 U.S.C. § 1349)

1.  Paragraphs 1 through 26 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.  From in or around October 2003, through in or around March 2009, the exact dates being unknown to the Grand Jury, in the Houston Division of the Southern District of Texas, and elsewhere, the defendants,

> **JOHN NASKY OKONKWO**
> a/k/a John Nasky,
> **DORIS NGOZI VINITSKI,**
> **Dr. HOWARD GRANT,**
> **JOHN REMI LACHMAN,**
> a/k/a Adetola Similola Adebayo
> **MICHAEL KALU OBASI,**
> **YOLANDA STELLA DELRIO,**
> **DARNELL DENESE WILLIS,**
> **CLINTON LEE,**
> **OBISIKE NWANKWO**
> a/k/a Obi Nwankwo,
> **JU-YING QIAN,**
> **VICKI JACKSON PHILLIPS,**
> **BASIL OBASI KALU,**
> **GEORGE ABAYOMI OGUNNAIKE,**
> and
> **OLIVER NKUKU,**

did knowingly and willfully combine, conspire, confederate and agree with each

Case 4:09-cr-00424 Document 1 Filed in TXSD on 07/22/09 Page 8 of 17

other and with others known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

## Purpose of the Conspiracy

3. It was a purpose of the conspiracy for the defendants and others, to unlawfully enrich themselves by (a) submitting false and fraudulent claims to Medicare, (b) concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer of the proceeds from the fraud and (c) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

## Manner and Means

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

4. Defendant **JOHN NASKY OKONKWO** would work for Onward as a patient recruiter and biller. He would provide the names and billing information of Medicare and Medicaid beneficiaries to Onward, for whom he would assist in the submission of false claims to Medicare and Medicaid using Onward's Medicare provider number.

5. Defendant **DORIS NGOZI VINITSKI** would maintain a valid Medicare group provider number for Onward in order to submit Medicare claims for DME that was medically unnecessary and not provided.

6. Defendant **HOWARD GRANT** would provide prescriptions for DME even though the DME was not medically necessary.

7. Defendant **JOHN REMI LACHMAN** would control the day-to-day operations of Onward.

8. Defendant **YOLANDA STELLA DELRIO** would assist in the day-to-day operations of Onward and assist in the submission of claims to Medicare for DME that was medically unnecessary and not provided.

9. Defendants **JOHN NASKY OKONKWO, MICHAEL KALU OBASI, DARNELL WILLIS, JU-YING QIAN,** and **VICKI JACKSON PHILLIPS** would recruit Medicare beneficiaries for purposes of Onward filing claims with Medicare for DME that was medically unnecessary or was not provided.

10. Defendants **DORIS NGOZI VINITSKI** and **JOHN REMI LACHMAN** would agree to pay kickbacks to defendants **JOHN NASKY OKONKWO, MICHAEL KALU OBASI, DARNELL WILLIS, JU-YING QIAN,** and **VICKI JACKSON PHILLIPS,** and others, for the referral of Medicare beneficiaries in whose names claims for medically unnecessary DME would be submitted.

11. Once beneficiary numbers and prescriptions were obtained by defendants **DORIS NGOZI VINITSKI** and **JOHN NASKY OKONKWO**, Onward would submit claims to Medicare for DME including orthotic devices and power wheelchairs. Many of the orthotic devices were components of what was referred to as an "Arthritis Kit" or "Artho Kit" and purported to be for the treatment of arthritis-related conditions, although they were not medically necessary or appropriate for such conditions. The Arthritis Kit would generally contain a number of orthotic devices including braces for both sides of the body and related accessories such as heat pads.

12. Defendants **GEORGE ABAYOMI OGUNNAIKE, CLINTON LEE, OBISIKE NWANKWO** and **OLIVER NKUKU** would deliver medically unnecessary DME to Medicare beneficiaries for Onward, including power wheelchairs and orthotics.

13. Defendant **BASIL OBASI KALU** was an employee of Onward and

would assist in the day-to-day operations of the business.

14. Defendant **DORIS NGOZI VINITSKI** and her co-conspirators would cause the submission of over $2.2 million in claims to the Medicare program for DME purportedly provided by Onward, when in fact, such DME was not medically necessary, nor in certain cases provided.

15. After the payments from Medicare were deposited into Onward bank accounts, defendant **DORIS NGOZI VINITSKI** and **JOHN REMI LACHMAN** would cause the transfer of the fraudulent proceeds to herself, her family members, defendants **JOHN NASKY OKONKWO, HOWARD GRANT, MICHAEL KALU OBASI, YOLANDA STELLA DELRIO, DARNELL WILLIS, CLINTON LEE, OBISIKE NWANKWO, JU-YING QIAN, VICKI JACKSON PHILLIPS, BASIL KALU, GEORGE ABAYOMI OGUNNAIKE** and **OLIVER NKUKU**, and other co-conspirators.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-5

### Health Care Fraud
### (Violation of 18 U.S.C. § 1347 and 2)

1. Paragraphs 1 through 26 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

11

2. From in or around October 2003 and continuing through in or around March 2009, the exact dates being unknown to the Grand Jury, in Harris County, in the Southern District of Texas, and elsewhere, the defendants,

**JOHN NASKY OKONKWO,
DORIS NGOZI VINITSKI,
and
HOWARD GRANT,**

each aided and abetted by each other and by others known and unknown to the Grand Jury, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Medicare, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Scheme and Artifice

3. It was the purpose of the scheme and artifice for the defendants and their co-conspirators to unlawfully enrich themselves through the submission of false and fraudulent Medicare claims for medically unnecessary DME.

## The Scheme and Artifice

4. Paragraphs 4 through 15 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## Acts in Execution of the Scheme and Artifice

5. On or about the dates specified as to each count below in the Houston Division of the Southern District of Texas, and elsewhere, the defendants, specifically identified as to each count below, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit program:

| Count | Defendants | Medicare Beneficiary | Approx. Date of Claim | Description of Item Billed | Approx. Amount of Claim |
|---|---|---|---|---|---|
| 2 | JOHN NASKY OKONKWO, DORIS NGOZI VINITSKI, HOWARD GRANT | S.A. | 11/24/08 | Power Wheelchair | $6,000 |
| 3 | JOHN NASKY OKONKWO, DORIS NGOZI VINITSKI, HOWARD GRANT | S.A. | 11/24/08 | Knee Orthosis | $500 |
| 4 | JOHN NASKY OKONKWO, DORIS NGOZI VINITSKI | L.B. | 11/3/08 | Power Wheelchair | $6,000 |
| 5 | JOHN NASKY OKONKWO, DORIS NGOZI VINITSKI | L.B. | 11/3/08 | Knee Orthosis | $500 |

In violation of Title 18, United States Code, Sections 1347 and 2.

### CRIMINAL FORFEITURE
### (18 U.S.C. § 982)

1. The allegations contained in Counts 1-5 of this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

2. Upon conviction of any violation of Title 18, United States Code, Section 1347 or a conspiracy to commit same under Title 18, United States Code, Section 1349, the defendant shall forfeit to the United States all property, real or

personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense of conviction, pursuant to Title 18, United States Code, Section 982(a)(7).

3. The property which is subject to forfeiture, includes but is not limited to the following:

(A) a money judgment against defendants in the amount of $787,957.75 which represents the gross proceeds of their fraud.

4. Pursuant to Title 21 United States Code, Section 853(p), as incorporated by reference by Title 18, United States Code, Section 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendants:

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred, or sold to, or deposited with a third party;

(C) has been placed beyond the jurisdiction of the Court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable properties, including,

but not limited, any identifiable property in the name of defendants **JOHN NASKY OKONKWO** a/k/a John Nasky, **DORIS NGOZI VINITSKI, HOWARD GRANT, JOHN REMI LACHMAN,** a/k/a Adetola Similola Adebayo, **MICHAEL KALU OBASI, YOLANDA STELLA DELRIO, DARNELL DENESE WILLIS, CLINTON LEE, OBISIKE NWANKWO** a/k/a Obi Nwankwo, **JU-YING QIAN, VICKI JACKSON PHILLIPS, BASIL OBASI KALU, GEORGE ABAYOMI OGUNNAIKE and OLIVER NKUKU,** All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth at Title 21, United States Code, Section 853, as made applicable through Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

Original Signature on File

FOREPERSON

TIM JOHNSON
United States Attorney

JOHN S. DARDEN
Assistant Chief
ANTHONY J. BURBA
Special Trial Attorney
Criminal Division, Fraud Section
United States Justice Department